█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HUDSON, Appellant. — Determination of appeal from judgment, Supreme Court, New York County (F. Shea, J.), rendered on October 28, 1980, unanimously held in abeyance and, if so advised, appellant may serve and file a *pro se* supplemental brief as indicated in the order of this court. Concur — Kupferman, J. P., Sullivan, Markewich, Fein and Asch, JJ.

## (May 18, 1982)

█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN FERNANDEZ, Respondent. — Order, Supreme Court, New York County (Levittan, J.), entered June 16, 1980, unanimously reversed, on the law and the facts, defendant-respondent's motion to suppress physical evidence denied, and the matter remanded to Supreme Court, New York County, for further proceedings. The evidence by two police officers at the hearing disclosed that while they were on plainclothes motor patrol, they were halted in progress briefly by a car stopped with its occupants, defendant driver and his companion, looking out the windows. They continued on their rounds behind defendant's car, not "purposefully," and were again halted twice by stops of defendant's car. A third stop of the lead car blocked the roadway completely. After a brief wait, the police driver honked his horn, echoed by other following vehicles, and one of the officers left the car to instruct defendant to move over. As he approached, defendant opened his door and stepped out. The officer produced his shield and announced "Police." Defendant, seeing the badge, moved quickly into an opening between two parked cars and, as he did so, defendant's left front coat pocket sagged, suggesting a heavy weight. The officer: "Police Department. Hold on." Defendant kept walking "in a hurry" with the officer continuing to follow and to call out. Defendant turned his left side away from his pursuer, and his hand moved into the weighted pocket. The officer, closing in, grabbed the outside of the pocket as defendant's hand slid in; defendant withdrew his hand and the officer felt the outline of a handgun, which he promptly recovered. Defendant's testimony: he went to the stopping place to play a number, leaving the keys with his passenger so as not to block traffic; he was "trapped" by the officer as he was leaving; while reaching for his driver's license, he was frisked by the police and the gun found. The hearing court's findings stated in the minutes were in precise accord with the police testimony, yet — anomalously, it seems to us — it was concluded that the minimal intrusion described was not justified by the events leading up to it. There was no intrusion into the pocket at all until the officer, reacting *reasonably* in the circumstances (*Terry v Ohio,* 392 US 1) to immobilize a possible weapon held in hand to the same effect as though held overtly, grabbed the pocket from the outside and felt the unmistakable outline of a gun. The officer's conduct was justified by the circumstances and, even though he did not utter the stereotyped phrase to the effect that he felt he was in danger, any reasonable person, faced with the same problem, would have thought so. Suppression should have been denied. Concur — Murphy, P. J., Sullivan, Carro, Markewich and Milonas, JJ.